UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REGINALD HAYES,

       Plaintiff,

v.                                                                    CASE NO. 3:21-cv-174-MMH-JBT

T. BISHOP, et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

   **THIS CAUSE** is before the Court *sua sponte*, i.e., on its own motion. *Pro se* Plaintiff filed a document titled "Writ of Mandamus," which the Court construed as a Complaint (Doc. 1), without paying the $402.00 filing fee or filing a request to proceed *in forma pauperis* by submitting an Affidavit of Indigency.[2] *See* 28 U.S.C.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

[2] In the Complaint, Plaintiff appears to bring claims for "violation of trademark/copyright" against three Florida Department of Corrections officers. (*See* Doc. 1.) Plaintiff appears to allege that the violations occurred when the officers used his name. (*Id.* at 5.) Plaintiff attached various documents to the Complaint, including a "Truth Affidavit in the Nature of Supplemental Rules for Administrative and Maritime Claims Rules C(6)," part of a Uniform Commercial Code financing statement form, and a handwritten invoice. (*Id.* at 3–5.) Plaintiff requests $4,000.00 in damages for the alleged violations. (*Id.* at 5.)

§§ 1914(a), 1915(a)(1).   On March 3, 2021, the Court entered an Order stating:

"On or before March 24, 2021, Plaintiff shall either submit the $400.00 filing fee or

complete and file the Affidavit of Indigency attached to this Order.   Failure to do

so may result in this action being dismissed without further notice."   (Doc. 7 at 1.)

Although this Order was returned to the Court on March 12, 2021, the Clerk of

Court resent the Order to the new address for Plaintiff found on the Department of

Corrections website the same day.   (*See* Doc. 8 at 1.)   Plaintiff did not respond

to that Order.

On April 13, 2021, the undersigned entered an Order to Show Cause stating,

among other things, that "Plaintiff's failure to respond to the Court's prior Order

amounts to a failure to prosecute," and directing Plaintiff to show cause why this

case should not be dismissed by May 4, 2021.   (*Id.* at 2.)   Plaintiff was cautioned

that "failure to timely comply with this Order to Show Cause may result in the

dismissal of this case without further notice."   (*Id.*)   The Order to Show Cause

was returned to the Court on April 19, 2021.   However, the Clerk of Court resent

it to Plaintiff on April 27, 2021, and it has not been returned.   To date, Plaintiff has

not responded to the Order to Show Cause.   Therefore, the undersigned

recommends that the case be dismissed without prejudice for lack of prosecution.

Accordingly, it is respectfully **RECOMMENDED** that:

1.      The case be **DISMISSED without prejudice**.

2.      The Clerk of Court be directed to terminate any pending motions and

close the file.

**DONE AND ENTERED** in Jacksonville, Florida, on May 18, 2021.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

*Pro se* Plaintiff

3